IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Elsie Marie Allen, as Personal Representative of the Estate of Donna Lea Swaim, | ) ) ) ) | C.A. No. 6:04-2327-HMH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| Greenville Hotel Partners, Inc., and R.G. Hospitality, LLC, and Ronald Gedda, and Choice Hotels International, Inc., and R.G. Properties, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |
| ------------------------------------------------------ | ) | |
| Keith Barfield, as Personal Representative of the Estate of Allison Barfield, | ) ) ) | C.A. No. 6:04-1260-HMH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| Choice Hotels International, Inc., RG Hospitality, LLC, Greenville Hotel Partners Inc., Ronald Gedda, and RG Properties, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |
| ------------------------------------------------------ | ) | |

1

```
William E. Harrell, Jr.,                )
                                        )   C.A. No. 6:04-2328-HMH
              Plaintiff,                )
                                        )
       vs.                              )
                                        )
Greenville Hotel Partners, Inc., and R.G. )
Hospitality, LLC, and Ronald Gedda, and )
Choice Hotels International, Inc., and R.G. )
Properties, LLC,                        )
                                        )
              Defendants.               )
----------------------------------------)
Nicholas R. Wilkerson,                  )
                                        )   C.A. No. 6:05-2142-HMH
              Plaintiff,                )
                                        )
       vs.                              )
                                        )
Greenville Hotel Partners, Inc., and R.G. )
Hospitality, LLC, and Ronald Gedda, and )
Choice Hotels International, Inc., and R.G. )
Properties, LLC,                        )
                                        )
              Defendants.               )
                                        )
```

## OPINION & ORDER

This matter is before the court on two motions for summary judgment. The first was filed by Ronald Gedda ("Gedda") (hereinafter "Gedda's Motion"), and the second was filed by Greenville Hotel Partners, Inc. ("GHP"), R.G. Hospitality, LLC, ("RGH"), and Gedda (hereinafter "RGH/Gedda's Motion").[1] For the reasons stated below, the court denies Gedda's Motion and grants RGH/Gedda's Motion in part and denies it in part.

---

[1] Choice Hotels International, Inc.'s motion for summary judgment will be addressed separately.

2

## I. FACTUAL AND PROCEDURAL BACKGROUND

These cases concern a fire which occurred in the early morning hours of January 25, 2004, at the Comfort Inn and Suites located at 831 Congaree Road in Greenville, South Carolina ("the Comfort Inn"). (Pls.' Mem. Opp'n RGH/Gedda's Mot. Summ. J. 2.) Allison Barfield ("Barfield") and Donna Lee Swaim ("Swaim"), as well as four other guests at the Comfort Inn, were killed in the fire. William E. Harrell, Jr. ("Harrell"), Nicholas R. Wilkerson ("Wilkerson"), and ten others were seriously injured. (Id.) The cause of the fire was arson, and Eric Preston Hans has been indicted for the crime. United States v. Hans, Cr. No. 05- 1227 (D.S.C. Nov. 16, 2005).

On April 20, 2004, Keith Barfield, as personal representative of Barfield's estate, filed a complaint against Choice Hotels International, Inc. ("Choice"), RGH, and GHP. On May 3, 2005, Keith Barfield filed an amended complaint, adding Gedda as a defendant, and on September 21, 2005, filed a second amended complaint, adding R.G. Properties, Inc. ("RGP") as a defendant.[2]

Choice is the franchisor of the Comfort Inn, and RGH is the franchisee. Gedda is the sole shareholder of RGH, and the Plaintiffs allege that he is also a Choice franchisee, operating the Comfort Inn.[3] GHP owns the land on which the hotel building is situated.

---

[2]Choice, RGH, Gedda, and RGP are hereinafter referred to collectively as the "Defendants." GHP moved for summary judgment and its motion for summary judgment was granted without opposition on December 9, 2005.

[3]Gedda contends that he is not a franchisee of Choice, but is merely a signatory of the franchise agreement. Gedda argues that RGH is the sole franchisee. This issue is discussed further below, in section II.D. (Gedda Mem. Supp. Gedda's Mot. Summ. J. 4.)

(Pls.' Mem. Opp'n Choice's Mot. Summ. J. 2.) The employees of RGP allegedly committed negligent acts at the Comfort Inn which contributed to the injuries and damages suffered by Barfield, Swaim, Harrell, and Wilkerson. (Barfield Second Am. Compl. ¶ 15; Allen Second Am. Compl. ¶ 13; Harrell Second Am. Compl. ¶ 13.)

In his second amended complaint, Keith Barfield alleges that the Defendants were negligent in failing to provide adequate security and fire protection for the hotel and that the defendants are jointly and severally liable. (Barfield Second Am. Compl. ¶¶ 17-23.) Moreover, Keith Barfield asserts a survival action on behalf of Barfield and a wrongful death claim for Barfield's death, and he seeks punitive and/or exemplary damages and costs for bringing this action. (Id. ¶¶ 24-32.)

On July 14, 2004, Elsie Marie Allen ("Allen"), Swaim's personal representative, and Harrell filed separate actions in this court alleging damages arising from the fire. Like Barfield, Allen and Harrell amended their complaints twice, and both now proceed against all of the Defendants. Finally, on July 28, 2005, Wilkerson filed his complaint against the Defendants.

Allen, Harrell, and Wilkerson assert the same claims against the Defendants, for negligence in constructing and maintaining the Comfort Inn premises, failing to protect against the criminal acts of third parties, failing to render aid, and breach of warranty. (Allen Second Am. Compl. ¶¶ 24-58; Harrell Second Am. Compl. ¶¶ 25-75; Wilkerson Compl. ¶¶ 24-75.) Allen, Harrell, and Wilkerson seek actual and punitive damages.

On October 6, 2005, the instant summary judgment motions were filed in the four pending actions. The Plaintiffs responded to both motions on November 8, 2005, and the Defendants did not file replies.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-moving party's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Breach of Warranty

With the exception of Barfield, the Plaintiffs allege an action for breach of warranty against the Defendants. Harrell, Wilkerson, and Allen all contend "That Defendants expressly and impliedly warranted to the public, including the [Decedent or Plaintiff], that the rooms at the subject Comfort Inn and Suites were safe, habitable and fit for their intended purpose." (Allen Second Am. Compl. ¶ 53; Wilkerson Compl. ¶ 64; Harrell Second Am. Compl ¶ 64.) Moreover, Harrell, Wilkerson, and Allen allege "That Defendants further expressly warranted to the public that the Comfort Inn and Suites in question was adequately protected by sprinklers, which representation was false and fraudulent." (Allen Second Am. Compl. ¶ 53; Wilkerson Compl. ¶ 64; Harrell Second Am. Compl ¶ 64.) They argue that the Defendants made these misrepresentations to promote their profits, that Harrell, Wilkerson, and Swaim each relied on those warranties in renting a room in the hotel, and that injury and death resulted from the Defendants' breach of the warranties. (Allen Second Am. Compl. ¶¶ 53-54, 57; Wilkerson Compl. ¶¶ 65-66, 70; Harrell Second Am. Compl. ¶¶ 65-66, 70.)

In the RGH/Gedda Motion, RGH and Gedda contend that renting a hotel room does not give rise to implied warranties of habitability and fitness for a particular use. South Carolina does not recognize an implied warranty of fitness or habitability in leases. Holmes v. Rosner, 346 S.E.2d 37, 38 (S.C. Ct. App. 1986). The Plaintiffs did not contest RGH and Gedda's motion for summary judgment on this issue. Therefore, the court grants RGH and Gedda's motion, and the Plaintiffs may not recover against RGH and Gedda on a theory of implied warranty of habitability or fitness for a particular use.

### C. Negligence

6

Second, the Plaintiffs have asserted negligence claims against each of the Defendants. To prevail on a negligence claim in South Carolina, "[A] plaintiff must show the (1) defendant owed a duty of care to the plaintiff (2) defendant breached the duty by a negligent act or omission (3) defendant's breach was the actual and proximate cause of the plaintiff's injury and (4) the plaintiff suffered injury or damages." Jackson v. Swordfish Inv., L.L.C., 620 S.E.2d 54, 56 (S.C. 2005). "Whether the law recognizes a particular duty is an issue of law to be determined by the court." Id.

### D. Gedda's Motion for Summary Judgment

In support of his motion for summary judgment, Gedda argues that he is not personally liable to the Plaintiffs, as he had no duty to the Plaintiffs in his personal capacity. It is undisputed that Gedda signed the franchise agreement both in his individual capacity and in his representative capacity as the shareholder of RGH. The Plaintiffs argue that Gedda owed a duty of reasonable care to the Plaintiffs as an individual because he signed the franchise agreement in his individual capacity. (Gedda's Mem. Supp. Gedda's Mot. Summ. J. 3.) Gedda contends, however, that he was not a franchisee, did not own a franchise, did not operate the hotel in his individual capacity, and therefore has no personal liability to the Plaintiffs. (Id. 4.)

Gedda claims:

> Defendant found no precedent supporting the proposition that signing a franchise agreement as the sole shareholder and/or manager of an LLC and also individually would result in the individual and the LLC having dual ownership interests in the

7

>   franchise, dual responsibilities of operating the hotel, and dual liability for any
>   breach of a common law duty in operation of the hotel.  Presumably, that law does
>   not exist because it is not, and cannot be, the law of South Carolina.

(Id. 5.)  Gedda argues that "there is no evidence, other than the franchise agreement, to support the claim that Gedda was an owner of the franchise and/or was operating the hotel in his individual capacity," and notes as evidence supporting his claim that RGH controls the day-to-day operations of the Comfort Inn.  (Id. 6.)

Gedda cites a Michigan case, Hair Associates, Inc. v. National Hair Replacement Services, Inc., 987 F. Supp. 569 (W.D. Mich. 1997), for the proposition that "the franchise agreement must be construed to afford R.G. Hospitality different assets and obligations arising from the franchise agreement than are afforded to Gedda." (Gedda's Mem. Supp. Gedda's Mot. Summ. J. 8.)  Moreover, Gedda argues that allowing the Plaintiffs to assert claims against him, as an individual, would allow the Plaintiffs to circumvent the South Carolina laws for piercing the veil of a limited liability company.  Additionally, Gedda claims that "plaintiffs can present no evidence to show that the plaintiffs assumed and/or relied upon Gedda's ownership of and interest in the hotel to impose a duty upon Gedda," and that "[p]roof of such reliance would be necessary to support their proposition that they believed Gedda had a personal duty to protect them from fire or criminal acts."  (Id. 8.)

Gedda's arguments are without merit.  Gedda expressly signed the franchise agreement as an individual, and the agreement, by its terms, is between Choice and RGH and Gedda. (Pls.' Mem. Opp'n Choice's Mot. Summ. J. Ex. L (Franchise Agreement at 1).)  The agreement provides that both RGH and Gedda are jointly and severally liable, and, for all of the operative terms of the agreement, the term "you" is defined as both RGH and Gedda.

8

(Id.)  Accordingly, by its terms the agreement requires RGH and Gedda to "Operate, furnish, and advertise the Hotel according to this Agreement and the Rules and Regulations."  (Id. Ex. L (Franchise Agreement at 4).)  These facts distinguish Hair Associates, where the franchise agreement terms expressly identified only "HRS of Michigan" as the sole franchisee.  987 F. Supp. at 576.  Moreover, in Hair Associates, the issue was not before the court on a motion for summary judgment, as it is in this case, but was before the court during a non-jury trial. Id. at 573.

Gedda's argument that allowing the Plaintiffs to proceed against him circumvents the corporate veil is wholly without merit.  If Gedda had signed the agreement solely in his role as a representative of RGH, he might be able to rely on the protections of the corporate veil. However, by its terms, the agreement was between Choice and RGH and Gedda, as an individual, as discussed above.

As to Gedda's final argument, that the Plaintiffs have not presented evidence that they assumed or relied on Gedda's ownership interest, the court finds that Gedda has failed to show the relevance of this argument or support it.  As such, the court finds that the franchise agreement is sufficient evidence to create a genuine issue of material fact as to whether Gedda was a franchisee, and the court denies Gedda's motion for summary judgment on this ground.

Gedda also argues that any action based on the franchise agreement must be brought under Maryland law, and that Plaintiffs are neither parties to nor beneficiaries of the franchise agreement and therefore have no standing to bring an action based on it.  In response, the Plaintiffs clarify that a potential breach of contract by Gedda with Choice is irrelevant to this case, and that the Plaintiffs rely on the franchise agreement solely "to establish that Gedda

9

was a franchisee who was responsible for operating the subject hotel." (Pls.' Resp. Opp'n Gedda's Mot. Summ. J. 7.) Accordingly, Gedda's argument that Plaintiffs cannot sue for breach of the franchise agreement, while uncontested, affords Gedda no relief from potential liability in this case, and Gedda's motion for summary judgment is denied.

### E. RGH/Gedda's Motion for Summary Judgment

RGH and Gedda contend (1) that they had no duty to protect the Plaintiffs from the criminal acts of the alleged arsonist under the facts of this case; (2) that, even if they had such a duty, they did not breach their duty; and (3) that, even if they breached their duty, their breach was not the proximate cause of the harm caused to the Plaintiffs. As set forth below, the court finds RGH and Gedda's arguments to be without merit.[4]

#### (1) RGH and Gedda's duty

RGH and Gedda first claim that they had no duty to protect the Plaintiffs from unforeseeable criminal acts of third parties, contending that a South Carolina innkeeper has no

---

[4] As a preliminary matter, in addition to addressing each argument on the merits, the Plaintiffs argued in their response to the RGH/Gedda motion that summary judgment would be premature in the Wilkerson case, as discovery has not yet begun. (Pls.' Mem. Opp'n RGH/Gedda's Mot. Summ. J. 24.) "Generally speaking, 'summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2004), quoting Anderson, 477 U.S. at 250 n.5. As to the negligence claims, because the court denies summary judgment to RGH and Gedda as set forth below, the court need not further consider whether summary judgment would be premature in the Wilkerson case. To the extent that the Plaintiffs intended this argument to apply to the breach of warrant claims addressed in section II.B, this argument is without merit, as the Plaintiffs have failed to argue that issues of material fact exist or offer any explanation of what additional discovery they need with respect to those claims.

10

such duty when it did not "know or have reason to know that such criminal acts were occurring or about to occur." (RGH/Gedda's Mem. Supp. RGH & Gedda's Mot. Summ. J. 5, citing Shipes v. Piggly Wiggly St. Andrews, Inc., 238 S.E.2d 167, 168-69 (S.C. 1977).) RGH and Gedda cite Bullard v. Ehrhardt, 324 S.E.2d 61 (S.C. 1984), Munn v. Hardee's Food Systems, Inc., 266 S.E.2d 414 (S.C. 1980), Miletic v. Wal-Mart Stores, Inc., 529 S.E.2d 68 (S.C. Ct. App. 2000), and Callen v. Cale Yarborough Enterprises, 442 S.E.2d 216 (S.C. 1994), for the proposition that the defendants in those cases had no duty to protect the plaintiffs because they had no knowledge or reason to know that a criminal act was about to occur or occurring. Similarly, RGH and Gedda argue that the undisputed evidence in this case is that there has never been an incidence of arson at the Comfort Inn and that RGH and its employees neither knew nor had reason to know that arson was about to occur or was occurring. Gedda and RGH assert that Bill Wickliffe, the night auditor on duty at the Comfort Inn the night of the fire, and Marvin Somarriba, a desk clerk at the Comfort Inn, had no knowledge of any criminal activity occurring or about to occur the night of the fire. (Id. 8.) Gedda and RGH further assert that there is no evidence that supports a finding that they should have known that a crime was occurring or about to occur. (Id.)

Additionally, Gedda and RGH claim that the Comfort Inn is not the type of business that attracts criminal activity, the establishment is not in a high-crime area, and there were virtually no prior incidents of crime at the hotel in the years prior to the arson. (Id. 9.) Finally, they contend that, even if a crime had occurred at the Comfort Inn before the night in question, there is no evidence of crime on the night of the fire. Accordingly, under Shipes,

Bullard, Munn, Miletic, and Callen, Gedda and RGH assert that they are entitled to summary judgment.

The court disagrees. In South Carolina, an innkeeper "owes to its guests a duty to conduct its business according to a certain standard of conduct. The standard of conduct required by law is that an innkeeper is under a duty to its guests to take reasonable action to protect them against unreasonable risk of physical harm." Courtney v. Remler, 566 F. Supp. 1225, 1231 (D.S.C. 1983). Given the existence of this duty, the key inquiry is whether the innkeeper breached the duty; whether, "the innkeeper, under the circumstances, has taken reasonable action to protect its guests." Id.; see also Daniel v. Days Inn of Am., Inc., 356 S.E.2d 129, 132, 134 (S.C. 1987).

(2) Breach of the Duty Owed to the Plaintiffs

RGH and Gedda concede that a hotel "may be negligent if the hotel realized or should have realized that its conduct involved unreasonable risks of harm through the conduct of a third person, even though such conduct of the third person is criminal." (RGH/Gedda's Mem. Supp. RGH/Gedda's Mot. Summ. J. 9, quoting Daniel, 356 S.E.2d at 132.) The Plaintiffs argue that RGH and Gedda failed to take reasonable action to protect the Plaintiffs from harm in two respects. First, the Plaintiffs argue that RGH and Gedda failed to provide reasonable security. Jerry Mitchell ("Mitchell"), who performed maintenance work at the Comfort Inn, testified in his deposition that the lock on the third-floor (back) door, which was at ground level, was not functioning properly. Mitchell testified that the door was unlocked, and anyone seeking entry to the hotel could gain it through the back door, that this problem

12

had persisted for months, and that RGH and Gedda were aware of the problem. (Pls.' Mem. Opp'n RGH/Gedda's Mot. Summ. J. 5 & Ex. G (Mitchell Dep. 42, 50, 51).)

While there may be no duty for an innkeeper to provide security in the form of a back door that only guests can enter, the evidence supports that the innkeeper undertook a duty to provide that security in this case. By doing so, the innkeeper had the obligation to provide that security without negligence. See Cooke v. Allstate Mgmt. Corp., 741 F. Supp. 1205, 1210 (D.S.C. 1990) ("South Carolina law imposes a duty on a person to use reasonable care when any affirmative act is undertaken . . . ."); Crowley v. Spivey, 329 S.E.2d 774, 780 (S.C. Ct. App. 1985) ("[O]ne who assumes to act, even though under no obligation to do so, may become subject to the duty to act with due care.").

There is further evidence that RGH and Gedda were on notice that criminal activity had been directed toward one of the hotel's guests, Zac Cromer ("Cromer"). Cromer's car tires were slashed while his car was parked in the Comfort Inn parking lot one or two days before the fire. (Pls.' Mem. Opp'n RGH/Gedda's Mot. Summ. J. Ex. A (Gedda Dep. 134).) Viewing the evidence in the light most favorable to the Plaintiffs, RGH and Gedda's failure to ensure that the back door was locked generally, but especially in light of the fact that criminal activity had been directed at one of the hotel's guests, was unreasonable. Cf. Dalon v. Golden Lanes, Inc., 466 S.E.2d 368, 371 (S.C. Ct. App. 1996).

Second, the Plaintiffs argue that RGH and Gedda breached their duty to protect the Plaintiffs by the way they trained hotel staff to respond to a fire alarm, regardless of whether the fire resulted from arson. There is evidence that, after the fire alarm sounded, (1) the hotel staff turned off the fire alarm while confirming that there was a fire and (2) delayed in calling

911 until after confirming that there was a fire. (Pls. Mem. Opp'n RGH/Gedda's Mot. Summ. J. 9.) The Plaintiffs' expert witness, Bryan Durig ("Durig"), concluded that "Delaying notification of hotel guests along with delaying notification of the fire department would significantly increase the hazardous conditions on the third floor as well as the other floors of the hotel." (Id. & Ex. E (Durig Expert Report at 5).)

The court finds that issues of fact exist on both of the Plaintiffs' theories of negligence. Given that an innkeeper has a duty to take reasonable precautions to protect its guests, a jury could find that RGH and Gedda breached that duty by failing to maintain a secure lock on the back door and in their training of hotel staff with respect to handing a fire alarm.

### (3) Proximate Cause

"Ordinarily, the question of proximate cause is one of fact for the jury and the trial judge's sole function regarding the issue is to inquire whether particular conclusions are the only reasonable inferences that can be drawn from the evidence." Hurd v. Williamsburg County, 611 S.E.2d 488, 492 (S.C. 2005) (internal quotation marks omitted). RGH and Gedda claim that "[i]n other jurisdictions where courts found the hotel's negligence was the proximate cause of the plaintiff's injuries arising from a criminal act, the hotel had some knowledge of the potential for physical violence against its guests." (Pls.' Mem. Opp'n RGH/Gedda's Mot. Summ. J. 12.) RGH and Gedda were certainly aware of the need for security and a fire-alarm plan at the hotel. Otherwise, they would never have had a lock on the back door and never would have trained employees about responding to fire alarms in the first place. Furthermore, RGH and Gedda had ordered security cameras to be installed on the premises but had not installed them at the time of the fire. (Id. 6-7 & Ex. C (V.J. Patel Dep.

14

69-70).) In sum, RGH and Gedda were on notice of the need for security at the hotel and the need for adequate measures to respond to a fire alarm, regardless of the cause of the fire.

RGH and Gedda "may be liable for anything which appears to be a natural and probable consequence of [their] negligence," and "[i]t is not necessary that [they] . . . contemplated or could have anticipated the particular event which occurred." (Id. 21); Daniel, 356 S.E.2d at 134. As such, the Plaintiffs assert that "injury from criminal activity of some sort is the natural and foreseeable result of inadequate security." (Pls.' Mem. Opp'n RGH/Gedda's Mot. Summ. J. 21.) The court agrees. Moreover, it is foreseeable that a negligently-devised fire alarm response plan may result in injuries to hotel guests.

Upon careful review of the record and the law applicable to this case and viewing the evidence in the light most favorable to the Plaintiffs, the court finds that questions of fact remain concerning RGH and Gedda's alleged breaches of their duty to the Plaintiffs and whether those breaches proximately caused the Plaintiffs' injuries. Accordingly, RGH and Gedda's motion for summary judgment on the Plaintiffs' negligent security and negligent protection claims is denied.[5]

---

[5]As the court denies RGH and Gedda's motion for summary judgment on the Plaintiffs' negligent security claim because of the allegedly unlocked back door and the Plaintiffs' negligent protection claim because of the treatment of the fire alarm, the court need not consider the Plaintiffs' alternate grounds for negligent security or for negligent protection from fire.

Therefore it is

**ORDERED** that Gedda's motion for summary judgment, document number 62 in civil action number 04-2327, document number 76 in civil action number 04-1260, document number 63 in civil action number 04-2328, and document number 16 in civil action number 05-2142 is denied. It is further

**ORDERED** that RGH/Gedda's motion for summary judgment, document number 63 in civil action number 04-2327, document number 77 in civil action number 04-1260, document number 64 in civil action number 04-2328, and document number 17 in civil action number 05-2142 is granted in part and denied in part.

**IT IS SO ORDERED.**

                                          s/ Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
December 20, 2005