IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Nicholas R. Wilkerson, ) | |
| ) | C.A. No. 6:05-2142-HMH |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Greenville Hotel Partners, Inc., R.G. ) | |
| Hospitality, LLC, Ronald Gedda, Choice ) | |
| Hotels International, Inc., and R.G. ) | |
| Properties, LLC, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Choice Hotels International, Inc.'s ("Choice") motion for summary judgment. For the reasons stated below, the court grants Choice's motion for summary judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a fire which occurred in the early morning hours of January 25, 2004, at the Comfort Inn and Suites located at 831 Congaree Road in Greenville, South Carolina (the "hotel"). (Pls.' Mem. Opp'n Summ. J. 1.) Six guests at the hotel were killed in the fire. Nicholas R. Wilkerson ("Wilkerson") and eleven others were seriously injured. (Id. 2.) The cause of the fire was arson, and Eric Preston Hans has been indicted for the crime. United States v. Hans, Cr. No. 05-1227 (D.S.C. Nov. 16, 2005).

On July 28, 2005, Wilkerson filed a complaint against Choice Hotels International, Inc. ("Choice"), Ronald Gedda ("Gedda"), R.G. Hospitality, LLC ("RGH"), R.G.

1

Properties, Inc. ("RGP"), and Greenville Hotel Partners, Inc. ("GHP").[1]  Choice is the franchisor, and RGH is the franchisee.  Gedda is the majority shareholder of RGH, and Wilkerson alleges that Gedda is also a Choice franchisee.  (Pl.'s Mem. Opp'n Summ. J. 2.)  The employees of RGP allegedly committed negligent acts at the hotel which contributed to the injuries and damages suffered by Wilkerson.  (Compl. ¶ 14.)

Wilkerson contends that the Defendants were negligent in failing to provide adequate security and fire protection for the hotel.  (Compl. ¶¶ 21-23.)  Wilkerson asserts claims for negligence in constructing and maintaining the hotel premises, failing to protect against the criminal acts of third parties, failing to render aid, and breach of warranty against the Defendants.  (Compl. ¶¶ 24-75.)  He seeks actual and punitive damages.

Wilkerson brought his action after related actions had been initiated against the same defendants, C.A. No. 6:04-2327-HMH ("Swaim Action"), C.A. No. 6:04-1260-HMH ("Barfield Action"), and C.A. No. 6:04-2328-HMH ("Harrell Action") (collectively "related actions").  Although there are some differences among the related actions, such as the Barfield Action's containing wrongful death and survival claims but lacking a breach of warranty claim, all of the actions allege essentially the same negligence claims against the Defendants.  In fact, the allegations in the instant action are almost identical to the allegations in the complaint in the Harrell Action.

---

[1] GHP's motion for summary judgment was granted without opposition on December 9, 2005.  Accordingly, the remaining four defendants–Choice, RGH, Gedda, and RGP–are hereinafter referred to collectively as the "Defendants."

2

On October 6, 2005, two motions for summary judgment were filed in this case, as well as in three related actions. Gedda filed the first motion ("Gedda motion") and GHP, RGH, and Gedda filed the second motion ("GHP/RGH/Gedda motion"). The court denied the Gedda motion on December 20, 2005 ("December Order"), finding that an issue of material fact exists as to whether Gedda was a Choice franchisee. Also in the December Order, the court granted in part and denied in part the GHP/RGH/Gedda motion, finding that no issue of material fact existed with respect to the breach of implied warranty of habitability or fitness for a particular use claims, but finding that issues of fact exist concerning the Plaintiffs' claims that RGH and Gedda negligently provided security and negligently trained the hotel's staff in how to respond to a fire alarm.

On August 2, 2005, Choice filed a motion for summary judgment on the negligence claims in the related actions. Choice argued that it was not liable on the Plaintiffs' theories of negligence for either direct liability or vicarious liability. The court agreed, granting summary judgment to Choice on the negligence claims in the related actions on January 12, 2006 ("January Order"). The court found that Choice was not liable for negligence on a direct liability theory because it had no duty to retrofit the hotel with sprinklers. (Jan. Order 11.) The court also found that Choice was entitled to summary judgment on the Plaintiffs' theory of vicarious liability because the Plaintiffs had failed to show that RGH and Gedda were either Choice's actual or apparent agents. (Id. 14, 19.)

On February 3, 2006, Choice moved for summary judgment in the instant action. Wilkerson responded on February 21, 2006. Choice filed a reply on February 28, 2006.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-moving party's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Choice's Motion for Summary Judgment

Wilkerson alleges that Choice is liable on multiple theories of negligence. First, he alleges that Choice is directly liable to him because it failed to require RGH and Gedda to retrofit the hotel with sprinklers prior to its opening as a Comfort Inn. Second, Wilkerson

4

contends that Choice is vicariously liable on theories of actual and apparent agency for the actions of RGH and Gedda.[2]

### 1. Negligence

To prevail on a negligence claim in South Carolina, "[A] plaintiff must show the (1) defendant owed a duty of care to the plaintiff[;] (2) defendant breached the duty by a negligent act or omission[;] (3) defendant's breach was the actual and proximate cause of the plaintiff's injury[;] and (4) the plaintiff suffered injury or damages." Jackson v. Swordfish Inv., L.L.C., 620 S.E.2d 54, 56 (S.C. 2005). "Whether the law recognizes a particular duty is an issue of law to be determined by the court." Id.

### 2. The Claims

As noted above, Wilkerson's alleged negligence claims against Choice are virtually identical to the claims raised against Choice in the Harrell Action and are essentially the same as those raised in the Swaim and Barfield Actions. Choice incorporated its memorandum filed in the related actions into its motion for summary judgment in this case. (Choice's Mem. Supp. Summ. J. 1.) Wilkerson cites the same cases and relies on almost all of the same arguments, almost verbatim, that the Plaintiffs utilized in opposing Choice's arguments in the related actions.

---

[2]Although Wilkerson brought suit against RGP as well, in its response in opposition to Choice's motion for summary judgment, Wilkerson states that he "brings this negligence action against four defendants," and did not include RGP. (Pl.'s Resp. Opp'n Summ. J. 2.) Moreover, Wilkerson clarifies, "Choice should be liable for the acts of negligence committed by Greenville Hotel Partners, R.G. Hospitality, LLC and Ron Gedda (the 'R.G. defendants') under an agency theory." (Id.) Accordingly, Wilkerson does not argue that Choice is vicariously liable for the acts of RGP.

5

Specifically, Choice and Wilkerson rely upon the same arguments and cases as raised in the related actions with respect to Choice's argument that it is entitled to summary judgment on Wilkerson's direct liability theory and that it is entitled to summary judgment on Wilkerson's vicarious liability theory on the basis of actual agency. Upon careful review, Choice is entitled to summary judgment on Wilkerson's direct liability theory for the same reasons set forth in the January Order. (Jan. Order. 7-11.) Moreover, for the reasons stated in the January Order, Choice is entitled to summary judgment on Wilkerson's actual agency theory. (Id. 11-14.)

The only negligence theory on which the parties submitted new arguments was on Wilkerson's apparent agency theory, and the "new" argument related to only one of the elements of proving apparent agency. Even if there is no actual agency, a party may be liable as the principal for another if that principal holds the other out in a way that reasonably induces reliance on the appearance of an agency relationship. See R & G Const., Inc. v. Lowcountry Reg'l Transp. Auth., 540 S.E.2d 113, 118 (S.C. Ct. App. 2000). The elements which must be proven to establish apparent agency are: "(1) purported principal consciously or impliedly represented another to be his agent; (2) third party reasonably relied on the representation; and (3) third party detrimentally changed his or her position in reliance on the representation." Id.

In the January Order, the court found that there was no genuine issue of material fact concerning either the alleged representation by Choice or the Plaintiffs' reasonable reliance on the alleged representation. With respect to the first element, Wilkerson has offered no new evidence, arguments, or case law from that offered by the Plaintiffs in the related actions.

Therefore, after careful consideration, the court incorporates the reasoning of the January Order, and finds that Choice is entitled to summary judgment on Wilkerson's apparent agency theory because there is no genuine issue of material fact that Choice made a representation that could support a finding of apparent agency. (Jan. Order 14-18.)

In the January Order, the court also considered the affidavits provided by the Plaintiffs and found that the Plaintiffs had failed to submit evidence creating a genuine issue of material fact with respect to the second element, reasonable reliance on the alleged misrepresentation. Although Wilkerson submitted an affidavit which differs from those submitted in the related actions, the court finds that it is undisputed that there were multiple notifications to hotel guests that the hotel was not owned and operated by Choice, and there is no argument that those notices were not in plain view in the registration area and elevator. Based on the notifications and the other evidence submitted to the court, there is no genuine issue of material fact concerning whether Wilkerson reasonably relied on the alleged representation of an agency relationship, and Choice is entitled to summary judgment on Wilkerson's apparent agency theory. See Brown ex rel. Brown v. St. Vincent's Hosp., 899 So.2d 227, 241 (Ala. 2004) ("A plaintiff relying on apparent agency . . . must show that he was misled by the appearances relied upon." Further, "[i]t must also appear that he had reasonable cause to believe that the authority existed; mere belief without cause, <u>or belief in the face of facts that should have put him on his guard is not enough</u>." (Internal quotation marks omitted) (emphasis added)).

It is therefore

**ORDERED** that Choice's motion for summary judgment, docket number 33, is granted.

**IT IS SO ORDERED.**

                                                         s/Henry M. Herlong, Jr.
                                                         United States District Judge

Greenville, South Carolina
April 5, 2006